UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Ronald C Gerstner and                           Case No. 19-31628-gmh
Annabelle Martin Gerstner,                              Chapter 7

        Debtors.

**OPINION STATING LEGAL CONCLUSIONS ON
AMENDMENTS TO SCHEDULES AFTER CASE IS CLOSED**

The court granted the debtors a discharge under chapter 7 of the Bankruptcy
Code and closed this case more than two years ago. Since then, the debtors purportedly
settled a personal-injury claim that arose before the petition was filed. The debtors now
move to reopen the case and seek to amend their schedules to list that claim as an asset
and exempt $100,000 of the nearly $204,000 in net proceeds they reportedly received in
a settlement. The United States trustee objected to the motion in part, agreeing that the
case should be reopened to administer the previously unscheduled asset but arguing
that the debtors cannot amend the schedules without leave of the court, they have not
shown that the court should grant them leave to do so, and applicable law allows them
to exempt no more than $50,000 of any settlement proceeds.

In January 2023 the court held a hearing on the debtors' motion and the United
States trustee's objection to it, granted the motion in part to permit the case to be
reopened, and scheduled an evidentiary hearing on the matter for March 16, 2023. The
court reserved certain preliminary legal issues for a later ruling. This opinion states the
court's conclusions of law with respect to those issues, which are restated for the sake of
clarity and addressed in turn below:

- Federal Rule of Bankruptcy Procedure 1009(a) allows a debtor to amend the schedules "as a matter of course at any time before the case is closed." The debtors argue that they may do the same after this case is reopened. Is the procedural right that Rule 1009(a) affords "before the case is closed" revived when a case is reopened?

- If not, can a debtor move under Rule 1009(a) for an order requiring the schedules to be amended? Rule 1009(a) allows the court, "[o]n motion of a party in interest", to "order any . . . schedule . . . to be amended". The United States trustee argues that only a party in interest *other than the debtor* may file such a motion.

- If not, can a debtor move under Rule 9006(b)(1) to enlarge the time to amend the schedules? Rule 9006(b)(1) allows the court to enlarge a specified period to act under the rules, after it expires, for a party whose "failure to act was the result of excusable neglect." The United States trustee argues that the time to amend the schedules under Rule 1009(a) expired when the case was closed. Must the debtors now prove that they failed to timely amend the schedules due to excusable neglect?

I

As a semantic matter, the first issue is easily resolved: Rule 1009(a) allows a debtor to amend the schedules "as a matter of course" only "*before* the case is closed" (emphasis added). "A case may be reopened" only *after* it is closed. 11 U.S.C. §350(b).[1] These periods run consecutive to the same event (the closing of the case), one ending when the other begins, and they do not overlap. Therefore, if the time has come for a

---

1. This dispute arises from a motion to reopen this case under §350(b), which provides that "[a] case may be reopened in the court in which *such case was closed* to administer assets, to accord relief to the debtor, or for other cause" (emphasis added). Arguably, there is another kind of "motion to reopen a case": a motion under Federal Rule of Civil Procedure 60(b) for relief from (i.e., to vacate) an order closing a case. See Fed. R. Bankr. P. 9024 (providing in relevant part that Rule 60(c)'s one-year limitation on certain motions under Rule 60(b) does not apply to "a motion to reopen a case under the Code"). No one seeks relief under Rule 60 in this case, so the court need not, and does not, consider whether—and if so, to what extent—the legal conclusions reached in this opinion would differ if the dispute arose from a Rule 60(b) motion for relief from an order closing this case, rather than a §350(b) motion to reopen it. Accordingly, unless otherwise noted, as in this footnote, any references in this opinion to reopening the case, including to a motion to reopen the case, relate to relief under §350(b).

case to be reopened—and the parties agree that, in this case, it has—then the time has gone for the debtors to amend the schedules as a matter of course under Rule 1009(a).

This conclusion is bolstered when reading Rule 1009(a) in context, namely by comparing Rule 1009(a) with Rule 4003(b)(3), which governs the filing of objections to certain claims of exemption. Rule 1009(a) affords a procedural right that may be exercised "at any time before the case is closed." Rule 4003(b)(3) does the same, allowing a party in interest to file "[a]n objection to a claim of exemption based on [11 U.S.C.] § 522(q)" at any time "before the closing of the case." Rule 1009(a) stops there, but Rule 4003(b)(3) goes on, expressly allowing a party in interest to file an objection to a claim of exemption based on §522(q), if the "exemption is first claimed after a case is reopened", and to do so at any time "before the reopened case is closed." That Rule 1009(a) contains no such provision reinforces the conclusion that the time in which that rule allows a debtor to amend the schedules as a matter of course ends with the closing of the case, even if the case is later reopened. As has been noted, "[i]f the drafters [of the rules] had wanted to allow amendments [as a matter of course] 'at any time,' 'at any time the case is open,' or 'unless the case is closed,' they would have said so." *In re Sievert*, 634 B.R. 1030, 1035 (Bankr. W.D. Wis. 2021) (third alteration in original) (quoting *In re Bartlett*, 326 B.R. 436, 439 (Bankr. N.D. Ind. 2005)).

The debtors argue, and some courts have concluded, that *Law v. Siegel*, 571 U.S. 415 (2014), requires reading Rule 1009(a) to authorize a debtor to amend the schedules after a case has been closed, at least if the debtor does so to claim an exemption. See, e.g., *In re Muscato*, 582 B.R. 599, 601–02 (Bankr. W.D.N.Y. 2018). The upshot of *Law*, for present purposes, is that "[t]he Code authorizes [a] debtor to 'exempt' . . . certain kinds of property from the estate, enabling him to retain those assets postbankruptcy", and bankruptcy courts cannot "grant or withhold exemptions based on whatever considerations they deem appropriate." 571 U.S. at 417 & 423 (quoting §522(b)(1)). Put differently, *Law* concerns (and rejects) "a general, equitable power in bankruptcy courts

to deny exemptions". *Id.* at 425. At issue here, however, is something else entirely: a bankruptcy court's *obligation* to enforce promptly invoked and applicable procedural rules, which *Law* reaffirms, if only in passing, citing *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643–44 (1992). See 571 U.S. at 423 ("We have held that a trustee's failure to make a timely objection prevents him from challenging an exemption.").

*Taylor* is instructive. The trustee in *Taylor* sought to "contest the validity of an exemption", "despite his failure to object in a timely manner." 503 U.S. at 639 & 645. The debtor "claimed the full amount" of "the proceeds from her employment discrimination lawsuit as exempt" but all "[t]he parties agree[d] that [the debtor] did not have a right to exempt more than a small portion of these proceeds". *Id.* at 642. "[A]s a result", the Court explained, the trustee "apparently *could have* made a valid objection . . . *if he had acted promptly*." *Id.* (emphasis added). But, the Court held, "his failure to do so prevents him from challenging the validity of the exemption now." *Id.* The Court reasoned that, while §522(*l*)—which "states the procedure for claiming exemptions and objecting to claimed exemptions"—"does not specify the time for objecting to a claimed exemption", Rule 4003 *does*. *Id.* The Court construed that rule as follows: "Rule 4003(b) gives the trustee and creditors 30 days from the initial creditors' meeting to object. By negative implication, the Rule indicates that creditors *may not* object after 30 days 'unless, within such period, further time is granted by the court.'" *Id.* at 643 (emphasis added) (quoting Fed. R. Bankr. P. 4003(b) (effective Aug. 1, 1991)).[2]

---

2. This instance of Rule 4003(b) is cited for simplicity's sake. The Court may have applied a prior version of the rule—which was amended twice, in 1987 and again in 1991, between when the bankruptcy petition was filed, in 1984, and when *Taylor* was decided, in 1992—but it makes no difference whether it did because the Court construed specific language in the rule that is the same across all versions that the Court could have possibly applied. See *Taylor*, 503 U.S. at 638 & 640; Fed. R. Bankr. P. 4003. *Taylor* quotes Rule 4003(b) in relevant part as follows: "The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) . . . unless, within such period, further time is granted by the court." *Taylor*, 503 U.S. at 642 (omission in original) (quoting Fed. R. Bankr. P. 4003(b) (effective Aug. 1, 1991)). This text was not affected by either the 1987 amendments or the 1991 amendments to Rule 4003.

*Taylor* thus teaches that a procedural rule allowing a party to act for a specified time has an unavoidable corollary: the party *cannot* act after that time expires, unless a court, utilizing authority found elsewhere, enlarges the time to act. Consequently, a party who fails to act in the time such a rule allows typically forfeits the right to act at all.

 *Taylor*, and the interpretation of Rule 1009(a) that it calls for, is consistent with both *Law* and binding precedent on "claim-processing rules", i.e., "time limits imposed by federal rules that do not have a statutory basis". *Hamer v. Neighborhood Hous. Servs. of Chicago*, 897 F.3d 835, 838 (7th Cir. 2018) (citing *Kontrick v. Ryan*, 540 U.S. 443 (2004)). Such "time limit[s] . . . serv[e] 'to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times.'" *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017) (quoting *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)). A party may waive such a time limit, and "claim-processing rules may be forfeited 'if the party asserting the rule waits too long to raise the point.'" *Manrique v. United States*, 581 U.S. 116, 121 (2017) (quoting *Eberhart v. United States*, 546 U.S. 12, 15 (2005) (per curiam)). "If properly invoked," however, such "rules must be enforced". *Hamer*, 138 S. Ct. at 17 (citing *Manrique*, 581 U.S. at 121).

 Rule 1009(a), like Rule 4003(b) and many others, imposes a time limit not found in a statute, so it is a claim-processing rule. The United States trustee promptly invoked Rule 1009(a), and the court must enforce it. Because this case was closed, the debtors may not amend their schedules as a matter of course under Rule 1009(a).

II

 The issue then is whether the court may *permit* the debtors to amend the schedules, after the case has been closed and reopened. It seems that the rules must provide an avenue for such relief. Otherwise, an entire provision of Rule 4003(b)(3) would be superfluous. As discussed above, Rule 4003(b)(3) expressly permits the filing of an objection to an exemption that "is first claimed after a case is reopened", and exemptions are claimed by filing or amending a schedule. See §522(*l*) ("The debtor shall

file a list of property that the debtor claims as exempt . . . ."); Fed. R. Bankr. P. 4003(a) (requiring "[a] debtor" to "list the property claimed as exempt under § 522 of the Code *on the schedule of assets* required to be filed by Rule 1007" (emphasis added)) & (b)(1) (allowing "a party in interest" to "file an objection to the list of property claimed as exempt . . . within 30 days after *any amendment to the list* . . . is filed" (emphasis added)).

### A

Rule 1009(a)'s final sentence may authorize such relief. It provides, "[o]n motion of a party in interest, after notice and a hearing, the court may order any voluntary petition, list, schedule, or statement to be amended and the clerk shall give notice of the amendment to entities designated by the court."

The United States trustee argues that the debtors may not invoke this provision of Rule 1009(a), contending that "a party in interest" as used in this sentence means a party in interest *other than the debtor*. At first glance, it seems odd that a debtor would not be "a party in interest" to the debtor's own bankruptcy case. But Rule 1009(a)'s structure supports the United States trustee's construction. Again, the rule's first sentence says that the debtor may amend the schedules "as a matter of course at any time before the case is closed." Fed. R. Bankr P. 1009(a). If the debtor does that, the rule's second sentence requires, "The debtor shall give notice of the amendment to the trustee and to any entity affected thereby." *Id.* Given these provisions, which specifically address what the *debtor* may and must do with respect to amending the schedules, the rule's third and final sentence, quoted in full above, seems best read as providing a mechanism by which a party in interest *other than the debtor* may seek to *compel* the debtor to amend the schedules. The advisory committee notes support this reading. Fed. R. Bankr. P. 1009(a) advisory committee note to 1987 amendments (describing a change to "[s]ubdivision (a) . . . to require notice and a hearing in the event a party in interest *other than the debtor* seeks to amend" (emphasis added)); cf. *Lisk Elec.*,

*Inc. v. Brandt (In re Fesco Plastics Corp.)*, 908 F.2d 240, 242–43 (7th Cir. 1990) (relying on advisory committee notes to interpret Rule 1019).

In all events, whether it would allow them to, the debtors have not sought relief under Rule 1009(a)'s final sentence. Moreover, at the January hearing, the court raised the possibility of relief under this provision, the United States trustee argued against that, and the debtors did not meaningfully respond, so the argument is forfeited. The court need not, and will not, consider it further.

B

That leaves Rule 9006(b)(1) as the only potential source of authority under which the court may permit the debtors to amend the schedules. That rule provides in relevant part, subject to inapplicable exceptions, that "when an act is . . . allowed to be done . . . within a specified period by these rules . . . the court . . . may . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

The debtors initially sought relief under this rule but have since changed tack, arguing that it does not apply because Rule 1009(a) does not allow "an act . . . to be done . . . within a specified period". ECF No. 37, at 2–3. This argument is unpersuasive. Rule 1009(a) does not, as other rules do, allow a party to act within a period of days, or another unit of time, measured from the occurrence of some event. See, e.g., Fed. R. Bankr. P. 6007(a) (allowing a party in interest to object "within 14 days" after notice is mailed "of a proposed abandonment . . . of property" of the bankruptcy estate). But it certainly allows an act to be done (the debtor's amendment of "[a] voluntary petition, list, schedule, or statement . . . as a matter of course") within a specified period ("at any time before the case is closed"), even if that period is indefinite until it ends. "Period", as a general term, "can designate any extent of time". See *Webster's Third New International Dictionary* 1680 (2002) (defining "period" in part as "a time often of indefinite length but of distinctive or specified character"). Rule 1009(a) designates an

extent of time within which an act may be done—from the filing of "[a] voluntary petition, list, schedule, or statement", which must necessarily precede the "amend[ment]" of any such document, to the closing of the case. This is sufficient to make Rule 1009(a) subject to Rule 9006(b)(1).

Besides, this court is bound by precedent, which puts the matter to rest. Nearly three decades ago, the Seventh Circuit applied Rule 9006(b)(1) to Rule 2014(a), despite acknowledging that "Rule 2014(a) does not itself prescribe any period of time." *In re Singson*, 41 F.3d 316, 320 (7th Cir. 1994) (discussing *In re Berman*, 167 B.R. 323 (Bankr. D. Mass. 1994)). If Rule 2014(a) is subject to Rule 9006(b), then Rule 1009(a) must be, too.

The debtors also argue that applying Rule 9006(b)(1) to Rule 1009(a) "adds a substantive hurdle for the movant that did not exist prior to closing and reopening the case", which conflicts with the purely "administrative function" of reopening the case. ECF No. 37, at 3 (citing *Mendoza v. Montoya* (*In re Mendoza*), 595 B.R. 849, 856 (B.A.P. 10th Cir. 2019)). This argument also misses the mark. That a debtor seeking to amend a schedule after a case is closed must clear a hurdle that was not previously in place is a function of the rules themselves; the need to clear that hurdle has nothing to do with whether, when, or why the case is reopened; and courts are not empowered to remove or lower that hurdle simply because a debtor feels that the need to clear it is unjust. *Law*, 571 U.S. at 421.

Applying Rule 9006(b)(1) to Rule 1009(a) also does not, as the debtors argue, "effectively shift[]" to them "the burden of proving an exemption is properly claimed". *Mendoza*, 595 B.R. at 857, quoted in ECF No. 37, at 3. Rule 9006(b)(1) places on them a different burden, to prove that their failure to amend the schedules—to fully disclose the property of the estate, as they were required to do, and claim a portion of the newly disclosed property as exempt—within the limited time afforded them by Rule 1009(a), i.e., before the case was closed, was the result of excusable neglect. The issue this raises, whether the court may grant the debtors relief under Rule 9006(b)(1), necessarily

precedes, and is distinct from, any issues that might later arise from an objection to the debtors' claims of exemptions, including any issues as to the allocation of the burden of proof. See *In re Lampe*, 632 B.R. 520, 522–24 (Bankr. E.D. Wis. 2021) (discussing whether the burden of proof on an objection to a debtor's claim of a state-law exemption is governed by Rule 4003(c) or state law). In a sense, the applicable rules have placed before the debtors not a hurdle but a gate, and until the debtors prove that the court should let them pass, it is immaterial that another party may bear the burden of proof in some dispute that might arise on the other side.

### III

"Deadlines may lead to unwelcome results . . . ." *Taylor*, 503 U.S. at 644. Indeed, the results may even be "inequitable". Cf. *Law*, 571 U.S. at 426–27. "[B]ut they prompt parties to act and they produce finality." *Taylor*, 503 U.S. at 644. And just as a bankruptcy court cannot "contravene specific statutory provisions", *Law*, 571 U.S. at 421, regardless of the consequences, a court cannot decline to enforce a time limit imposed by rule and properly invoked by a party. *Hamer*, 138 S. Ct. at 17 (citing *Manrique*, 581 U.S. at 121).

For these reasons, the court may only permit the debtors to amend the schedules, now that the case has been closed, if they prove that their failure to do so within the period specified by Rule 1009(a) was the result of excusable neglect. The court will hear evidence with respect to that issue on March 16.

March 3, 2023

_____
G. Michael Halfenger
Chief United States Bankruptcy Judge